IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-919 |
| | § | |
| LATHROP & GAGE, LLP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 7) ("Lathrop's Motion to Dismiss"), filed by Lathrop & Gage, LLC ("Lathrop"). Barbara Harris filed a response[1] and Lathrop replied.[2] For the reasons stated below, the court will deny Lathrop's Motion to Dismiss.

**I.   Factual and Procedural Background**

Harris filed suit against Lathrop alleging violations of the Fair Debt Collection Practices Act ("FDCPA") codified at 15 U.S.C. § 1692 et seq., the Texas Deceptive Trade Practices Act ("DTPA"), and Section 392.304(A)(19) of the Texas Finance Code.[3]

---

[1]Plaintiff's Response to Defendant's Motion to Dismiss ("Harris's Response"), Docket Entry No. 9.

[2]Defendant's Reply to Plaintiff's Response to Defendant's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction ("Lathrop's Reply"), Docket Entry No. 11.

[3]Original Complaint, Docket Entry No. 1, pp. 1, 5-10.

Harris is a resident of Texas[4] and Lathrop is a foreign entity.[5] Harris alleges that the court has subject-matter jurisdiction over this case under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367(a).[6]

Lathrop is a law firm representing a hospital in Kansas in connection with the collection of past due amounts.[7] Lathrop sent two letters to Harris in an attempt to collect on an alleged debt that Harris owes the hospital in Kansas.[8] The two letters in question are both titled "FINAL NOTICE," both bear Lathrop's letterhead, are both signed by the same Lathrop paralegal, and both reflect that they were mailed to Harris at an address in Texas.[9] Lathrop argues that the court lacks personal jurisdiction over it and asks that this case therefore be dismissed.[10]

---

[4]Id. at 2.

[5]Lathrop's Motion to Dismiss, Docket Entry No. 7, p. 2.

[6]Original Complaint, Docket Entry No. 1, p. 1.

[7]Lathrop's Motion to Dismiss, Docket Entry No. 7, p. 1.

[8]Id.; Harris's Reply, Docket Entry No. 9, p. 2.

[9]Letter to Barbara Harris (June 15, 2011), Exhibit A to Harris's Response, Docket Entry No. 9-1; Letter to Barbara Harris (September 29, 2011), Exhibit B to Harris's Response, Docket Entry No. 9-2.

[10]Lathrop's Motion to Dismiss, Docket Entry No. 7, p. 8.

## II. Standard of Review

When a foreign defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant." Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 343 (5th Cir. 2002) (internal quotation marks omitted). "When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper." Id. (internal quotation marks omitted). "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Id. at 344 (internal quotation marks omitted). "Absent any dispute as to the relevant facts . . . whether personal jurisdiction may be exercised over a nonresident defendant is a question of law." Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 418 (5th Cir. 1993).

For a court to have personal jurisdiction over a nonresident defendant (1) the state's long-arm statute must apply to that defendant, and (2) the requirements of federal due process must be satisfied. Electrosource, Inc. v. Horizon Battery Technologies, Ltd., 176 F.3d 867, 871 (5th Cir. 1999). "Because Texas' long-arm

-3-

statute has been interpreted to extend to the limits of due process, [the court] need only determine whether subjecting [the nonresident defendant] to suit in Texas would offend the due process clause of the 14th Amendment." Id.  The exercise of personal jurisdiction over a nonresident defendant comports with federal due process guarantees when the nonresident defendant has established minimum contacts with the forum state and the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945) (internal quotation marks omitted).

### A. Minimum Contacts and Specific Jurisdiction

Minimum contacts can give rise to either specific or general personal jurisdiction. Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001).[11]  Courts may exercise specific jurisdiction over a nonresident defendant if the plaintiff shows that (1) the nonresident defendant has minimum contacts with the forum state, i.e. that "it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there," and (2) the plaintiff's cause of action arises out of or results from the nonresident defendant's contacts with the forum state. Seiferth v. Helicopteros Atuneros,

---

[11]Because the court will conclude that it has specific jurisdiction over the defendant, the court need not address general jurisdiction.

Inc., 472 F.3d 266, 271 (5th Cir. 2006) (quoting Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002)).  If the plaintiff satisfies these two prongs, "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable."  Id.

"For specific jurisdiction, the defendant must have purposely directed his activities at the resident of the forum and, the litigation must result from the alleged injuries that arise out of or relate to the defendant's activities directed at the forum." Coats v. Penrod Drilling Corp., 5 F.3d 877, 884 (5th Cir. 1993) (citing Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2183 (1985)).  "The focus is on the relationship between the defendant, the forum, and the litigation."  Id. (citing Burger King, 105 S. Ct. at 2183).  "A single purposeful contact may confer jurisdiction."  Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 470 n.3 (5th Cir. 2006).

**B.   Traditional Notions of Fair Play and Substantial Justice**

In order to establish personal jurisdiction over a nonresident defendant, the plaintiff must also show that the exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice."  Asahi Metal Indus. Co. v. Superior Court of Cal., 107 S. Ct. 1026, 1033 (1987).  In evaluating the reasonableness of the exercise of jurisdiction over the defendant, the court should consider several factors:  (1) the burden on the

defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interest of the interstate judicial system in obtaining the most efficient resolution of the controversy, and (5) the interest of the states in furthering substantive social policies.  Id.

### III.  Analysis

Harris argues that Lathrop's "act of sending two letters to Plaintiff at her Texas address satisfies the minimum contacts prong for specific jurisdiction."[12]  Harris further argues that her injury was caused by these two letters and that "[b]y purposefully directing its violative letters to Plaintiff in Texas, Defendant purposefully availed itself to the jurisdiction within this state."[13]  Finally, Harris argues that "since the letters were sent to and received in Texas, Defendant's violations of the FDCPA occurred within Texas.[14]

Lathrop argues that the two letters it sent to Harris are insufficient to establish the minimum contacts necessary for specific jurisdiction.

---

[12]Harris's Response, Docket Entry No. 9, p. 8.

[13]Id. at 9.

[14]Id. at 10.

> By simply mailing a letter to Harris in an attempt to collect an overdue debt that Harris owed to its client, Lathrop and Gage did not purposefully avail itself to the benefits of doing business in Texas. The fact that Harris, as a debtor of the Hospital—and whose debt accrued while she was a Kansas citizen—now lives in Texas is merely fortuitous and outside Lathrop & Gage's control. Personal jurisdiction cannot be based upon contacts with Texas that are random, fortuitous, or attenuated such as these are.[15]

Lathrop emphasizes that the letters in question were "prepared in Kansas, mailed from Kansas, regarding a debt that Harris incurred in Kansas while she was a Kansas resident."[16]

In support of its argument Lathrop cites to a number of Texas state court cases for the proposition that "Texas courts have consistently rejected the notion that specific jurisdiction can be had based solely upon where the tort was 'directed.'"[17] However, this court has rejected the use of the Michiana line of cases to bind federal courts in their interpretation of the due process requirements of the United States Constitution.

---

[15] Lathrop's Motion to Dismiss, Docket Entry No. 7, pp. 7-8 (internal citation omitted).

[16] Id. at 6.

[17] Lathrop's Reply, Docket Entry No. 11, p. 5. Lathrop relies primarily on Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777 (Tex. 2005) and two of its progeny, Proskauer Rose LLP v. Pelican Trading, Inc., 2009 WL 242993 (Tex. App.—Houston [14th Dist.] 2009, no pet.) and Sussman v. Old Heidelburg, Inc., 2006 WL 3072092 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Lathrop's Motion to Dismiss, Docket Entry No. 7, pp. 6-8; Lathrop's Reply, Docket Entry No. 11, pp. 5-6.

>   *Michiana* turns on the Texas Supreme Court's interpretation of federal constitutional law. The Fifth Circuit's interpretation of that law is binding on this court. The Fifth Circuit has held that when the actual content of communications with a forum gives rise to the intentional tort causes of action, this alone constitutes purposeful availment. The defendant is purposefully availing himself of the privilege of causing a consequence in Texas. . . . Courts in the Fifth Circuit have refused to follow *Michiana* over . . . Fifth Circuit authority.

Mobius Risk Grp., LLC v. Global Clean Energy Holdings, Inc., 2012 WL 590926, at *5 (S.D. Tex. February 22, 2012) (internal quotation marks omitted) (collecting cases). Another federal district court in Texas was equally clear:

>   While this court should defer to the interpretation of Texas law by a Texas court, the [*Michiana*] decision turns on a matter of federal constitutional law, not state law. . . . To the extent [*Michiana*] attempts to rewrite more than 25 years of Fifth Circuit jurisprudence, which holds that a single communication by a nonresident defendant aimed at the forum state is enough to satisfy the purposeful availment requirement of the due process minimum contacts inquiry where the content of the communication gives rise to a claim of fraud, the court declines to follow [*Michiana*].

Staton Holdings, Inc. v. Hilton Apparel Grp., 2007 WL 1964635, at *4 (N.D. Tex. July 5, 2007) (collecting cases).

It is well-established in the Fifth Circuit that "[w]hen a nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state, that tortious conduct amounts to sufficient minimum contacts with the state." McFadin v. Gerber, 587 F.3d 753, 761 (5th Cir. 2009) (quoting Guidry v. U.S. Tobacco Co., 188 F.3d 619, 628 (5th Cir.

1999)).  Moreover, "[e]ven an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct."  Id. (quoting Guidry, 188 F.3d at 628).  Communications sent by a foreign defendant into the forum state can satisfy the minimum contacts requirement.  Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 213 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.").[18]  One federal district court in Texas concluded that it had specific jurisdiction where the contents of a single letter sent by the defendant gave rise to a cause of action.

> The factual basis for Kennard's claims against Harrington stem from a letter Harrington allegedly sent to Kennard containing certain representations regarding the pension benefit plan.  The record indicates that the plaintiff's underlying causes of action for violation of the Texas Deceptive Trade Practices Act and common law fraud stem from the contents of this single letter from Harrington to Kennard.  The court finds that this letter containing the alleged misrepresentations is sufficient to satisfy the minimum contacts requirements for specific personal jurisdiction.

---

[18] While the majority of cases using this theory of personal jurisdiction involve torts, the parties have not cited, and the court has not found, any authority that confines this theory to certain causes of action.

Kennard v. Indianapolis Life Ins. Co., 2006 WL 3438653, at *4 (N.D. Tex. November 13, 2006) (citing Wien, 195 F.3d at 213); see also Brown v. Flowers Indus., Inc., 688 F.2d 328, 333-34 (5th Cir. 1982) (holding that a federal court had personal jurisdiction on the basis of one long-distance phone made by the foreign defendant).

The court concludes that the two letters that Lathrop sent to Harris provide a firm basis for the exercise of specific jurisdiction. While the letters were prepared in Kansas and concerned a debt allegedly incurred by Harris in Kansas, they were mailed directly to Harris's Texas address. Lathrop purposefully mailed these letters to a destination in Texas. Moreover, the content of the letters gives rise to Harris's causes of action. For example, Harris alleges that Lathrop violated 15 U.S.C. § 1692e(10) when its first letter identified itself as the "FINAL NOTICE," but was then followed by an additional notice (the second letter).[19] The same allegation underlies Harris's cause of action under Section 392.304(A)(19) of the Texas Finance Code.[20] Harris also alleges that "Lathrop violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process when sending its June 15, 2011 letter on attorney

---

[19]Original Complaint, Docket Entry No. 1, pp. 5-6.

[20]Id. at 9.

letterhead and signed by a paralegal, thus leading the least sophisticated consumer to belie[ve] that an attorney had reviewed Plaintiff's file[] and that a lawsuit was imminent."[21] The court concludes that the contents of the two letters sent by Lathrop to Harris in Texas gave rise to Harris's causes of action and that these two letters satisfy the minimum contacts requirements for specific jurisdiction.

The court also concludes that exercising personal jurisdiction over Lathrop does not offend traditional notions of fair play and substantial justice. It would not be unduly burdensome for Lathrop, a law firm that has in the past litigated other cases in Texas courts,[22] to defend this suit in Texas. Texas has an interest in providing its residents a convenient forum in which to resist the allegedly illegal debt collection activities of foreign defendants aimed at residents of Texas. Requiring Harris to litigate in Kansas may inhibit her ability to obtain relief. Finally, the court is not persuaded that the efficiency interest of the interstate judicial system or the interest of the states in furthering substantive social policies would be frustrated by resolving this case in this court.

---

[21] Id. at 8. A similar allegation is made regarding the September 29, 2011, letter in the next paragraph of the Original Complaint. Id.

[22] See, e.g., Exhibit D to Harris's Response, Docket Entry No. 9-4, p. 2 (describing Lathrop's bankruptcy law practice and noting that Lathrop has appeared as primary counsel in Texas).

## IV. Conclusion and Order

For the reasons stated above, Defendant's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 7) is **DENIED.**

**SIGNED** at Houston, Texas, on this 19th day of July, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE